UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>vs.<br><br>TIMOTHY R. LISBY,<br>     Defendant. | )<br>)<br>)<br>) CAUSE NO. 1:06-cr-00164-SEB-MJD-1<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

On April 6, 2023, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 24, 2023. [Dkt. 37.] Defendant appeared in person and by FCD counsel Joseph Cleary. Government represented by AUSA Samantha Spiro. USPO represented by Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Lisby of his rights and ensured he had a copy of the Petition. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Lisby admitted violation nos. 2, 3, 6, 7, and 8 as set forth in the Petition.

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| **Violation No.** | **Nature of Noncompliance** |
|---|---|
| 2 | **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."** |

        As previously reported to the Court, on January 10, 2023, Mr. Lisby arrived at the treatment facility under the influence of alcohol and posed a safety risk to himself and others. On January 18, 2023, based on Mr. Lisby's conduct as noted above, as well as ongoing rule violations of the program, he was suspended from services and directed to address other underlying addiction issues prior to his return.

3      **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of the program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

        Mr. Lisby was referred to substance abuse treatment services and the provider assessed a need for him to participate in individual sessions. On March 16, 2023, the provider indicated Mr. Lisby failed to follow through with services as directed. Furthermore, he continues to express to this officer and the provider that he does not need services and refuses to attend.

6      **"The defendant shall not possess or use a computer or other related hardware or software (including any Internet-enabled device) during the time of supervised release, unless approved by the probation officer."**

        On March 13, 2023, Mr. Lisby admitted he had acquired an Internet enabled device approximately two weeks prior without approval, and had not reported it to this officer to install monitoring.

7      **"You shall not use or possess alcohol."**

        As previously reported to the Court, on November 28, 2022, Mr. Lisby admitted he had consumed alcohol on November 23, and 24, 2022.

        Additionally as previously reported, on January 10, 2023, Mr. Lisby arrived to treatment services and was perceived to be intoxicated. When staff attempted to assist him he left the facility and was later found passed out in the parking lot. Emergency medical services were called and he was transported to a local hospital. On January 11, 2023, he was confronted and admitted to consuming alcohol on his way to the provider's location.

|   |   |
|---|---|
| 8 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

As previously reported to the Court, on December 15, 2022, Mr. Lisby admitted to possessing and consuming "spice," a synthetic marijuana.

4. The Court finds that:

    (a)    The highest grade of violation is a Grade C violation.

    (b)    Defendant's criminal history category is I.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a sentence of 12 months' incarceration, with lifetime supervised release to follow. Defendant requested placement at FCI Butner Low in Butner, North Carolina.

6. The government argued, and Defendant agreed, that a three month upward departure from the upper guideline range of imprisonment was appropriate in light of the fact that Defendant's supervised release was revoked less than a year ago for very similar violations by Mr. Lisby [*see* Dkts. 23-25], and that he was convicted of the state charge underlying violation no. 1 of the Petition. The Magistrate Judge agreed with the parties' recommendation.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in in violation nos. 2, 3, 6, 7, and 8 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months, with lifetime supervised release to follow. The

Magistrate Judge further recommends Defendant's placement at FCI Butner Low in Butner, North Carolina.

In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: psychosexual treatment, polygraph testing, mental health treatment, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

    Justification: Conditions 1-14 are recommended to assist the probation officer in supervising the offender in the community, and to ensure the safety of the community.

15. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: This condition is recommended given Mr. Lisby's prior mental health diagnoses, and to evaluate other underlying issues that may be playing a part in his ongoing supervision issues.

16. All employment shall be approved in advance by the probation officer.

17. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

18. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

19. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment

      programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

20. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

21. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

22. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

23. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

24. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

      Justification: Conditions 16-24 are recommended given Mr. Lisby's instant offense is for possessing child pornography. The conditions will help the probation officer to monitor the offender in the community, would be beneficial in his recovery, aid in his relapse prevention plan, and would help to hold him accountable.

25. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

26. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

27. You shall not use or possess alcohol.

28. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

    Justification: Conditions 25-28 are recommended due to the offender's history of substance abuse, including his use of illicit substances and alcohol abuse while under supervised release.

    Defendant waived reading of the additional terms of supervised release set forth above.

    The Defendant is to remain in custody pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

    The parties waived the fourteen-day period to object to this Report and Recommendation.

Dated: 6 APR 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

Electronic Notice to USMS-C

Electronic Notice to USPO